IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-99-RAW |
| ) | |
| BRYANT DEWAYNE UNDERWOOD, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the objection of the defendant (#40) to the Report and Recommendation (#38) of the United States Magistrate Judge. The government has responded (#45) and the defendant has replied (#49). The Magistrate Judge recommended that the defendant's motion to suppress be denied.

Under Rule 59(b)(1) F.R.Cr.P., the district court may refer suppression motions to a Magistrate Judge for a recommended disposition. In considering an objection, the district court must conduct de novo review and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Rule 59(b)(3). The undersigned has reviewed the record. *See Gee v. Estes,* 829 F.2d 1005, 1008-09 (10th Cir.1987); *Griego v. Padilla,* 64 F.3d 580, 584 (10th Cir.1995).

The factual background is set forth in the Report and Recommendation, and the parties' briefing. Defendant was a passenger in a vehicle which was the subject of a traffic

stop.[1] The first issue raised in the defendant's objection is whether the subject vehicle was stopped in a "residence district".[2] If it was, there was no traffic violation and the stop was not justified at its inception. This inquiry requires interpretation of the aerial map of the area. (#40-8). The Magistrate Judge concluded that "the area in question is not a residence district." (#37 at 4).

Defendant's second argument is that the Oklahoma statute applies only "when it is practicable to stop" one's vehicle off the roadway. He argues that "testimony and photographs introduced at the evidentiary hearing proved that stopping a vehicle off Chloe Layne Road was not practicable." (#40 at 8).

The third argument made by defendant calls into question the credibility of the arresting officer when evaluating whether he developed reasonable suspicion that the vehicle stopped "in the middle of the roadway." He points to the officer's contemporaneous statement that he was not sure if people were getting out of the vehicle, or getting into the vehicle. The officer also initially stated that he had no reason to arrest the driver, but after becoming angry with her, stated that he would arrest her. The court agrees with the government (#45 at 6). As to the first point, it does not bear on whether the officer saw the vehicle itself. As to the second point, the officer's subsequent antagonism toward the driver

---

[1] Passengers have standing to challenge the legality of a traffic stop and seek suppression of evidence seized. *See Brendlin v. California,* 551 U.S. 249 (2007).

[2] The statute describing the asserted violation is 47 O.S. §11-1001. In pertinent part, it prohibits parking on the paved or main-traveled part of the highway outside of a residence district when it is practicable to stop, park or so leave such vehicle off such part of the highway. "Residence district" is defined in 47 O.S. §1-154.

is not strong enough to negate his observations of the position of the vehicle, to which he testified.

Regarding the first two arguments, defendant has made a not-implausible presentation that a different hypothetical observer, in the place of this arresting officer, <u>might</u> have reached different conclusions. The critical statutory terms such as "practicable" and "residence district" are subject to the officer's interpretation. As the Magistrate Judge noted, however, "the constitutionality of a traffic stop does not depend on whether the driver did, in fact, commit a traffic violation. The standard is a reasonable suspicion of wrongdoing." (#37 at 5). *See also United States v. Ramdial,* 717 F.Supp.3d 1118, 1126 (W.D.Okla.2024)(citing cases). As to a motion to suppress regarding a traffic stop, the government bears the burden with respect to reasonable suspicion. *United States v. Vance,* 893 F.3d 763, 773 (10th Cir.2018). The court finds that the burden has been met.

It is the order of the court that the objection of the defendant (#40) to the Report and Recommendation is overruled. The Report and Recommendation (#37) is approved and adopted as the order of the court. The motion of the defendant to suppress (#24) is hereby denied.

**ORDERED THIS 9th DAY OF DECEMBER, 2024.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma